UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ESJ, ppa Lucky Girl (Lisa) Beh
and Elliott Sackor, Sr., and Lucky Girl (Lisa) Beh,
and Elliott Sackor, Sr., Individually

Plaintiffs

vs.   CIVIL NO. _____

United States of America, Mary Cullen, D.O.,
and Eliot Hospital

Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

### INTRODUCTION

1. This medical malpractice suit includes claims against the United States of America, a doctor of Osteopathic Medicine and medical providers who were agents/employees of Eliot Hospital in Manchester, New Hampshire. ESJ suffers from cerebral palsy and developmental delays as a result of the defendants' failure to appropriately recognize and treat various abnormalities of labor, including Lucky Girl (Lisa) Beh's elevated blood pressures and failure to make adequate progress in labor, as well as ESJ's concerning fetal heart rate abnormalities.

### PARTIES

2. The plaintiff, ESJ, is a minor who brings this claim through his parents and next friends, Lucky Girl (Lisa) Beh and Elliott Sackor, Sr. ESJ, and Lucky Girl

1

(Lisa) Beh reside at 10 Ahern Street, Manchester, New Hampshire 03103.  Elliott Sackor, Sr. resides at 6 Cashman Road, Peabody, Massachusetts 01960.

3. Defendant, United States of America, is being sued for the conduct of agents or employees of Manchester Community Health Center, a deemed federal health facility located at 145 Hollis Street, Manchester, New Hampshire 03101.

4. Defendant, Mary Cullen, D.O. is a physician affiliated with Manchester Community Health Center who treated the plaintiffs, Lucky Girl Beh and ESJ, at Elliot Hospital in December of 2015.

5. Defendant, Elliot Hospital, is a corporation duly organized and existing under the laws of the State of New Hampshire located at 1 Elliot Way, Manchester, New Hampshire 03103.

## JURISDICTION AND VENUE

6. This Court's jurisdiction over the claims against the United States of America is based on 28 U.S.C. § 2671, et seq.

7. This Court's jurisdiction over the claims against Mary Cullen, D.O. and Elliot Hospital is based on 28 U.S.C. § 1367(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(e)(1).

9. Pursuant to 28 U.S.C. §§ 2401(b) and 2675(a), the claims against the United States of America were presented to the Office of General Counsel, Department of Health and Human Services, 330 C Street, S.W. Switzer Building, Suite 2600, Washington, D.C. 20201 on December 13, 2017.

10. Final determination of the Plaintiffs' claims, as required by 28 U.S.C. §§ 2401(b) and 2675(a) was made by letter dated April 25, 2018 denying all claims.

**FACTS**

11. All claims against all parties to this case arise out of the medical care rendered to the plaintiffs, Lucky Girl (Lisa) Beh and ESJ, during the labor and delivery of ESJ at the Elliot Hospital in December of 2015.

12. On or about December 19, 2015, the plaintiff, Lucky Girl (Lisa) Beh, was admitted to the Elliot Hospital at approximately 6:50 a.m. for the purpose of giving birth to her son, ESJ. This was her first pregnancy.

13. Beginning at the time of admission, an electronic fetal heart monitor was used to monitor ESJ's heart rate during the labor.

14. The Defendant, Mary Cullen, D.O. was the attending physician and remained so throughout Ms. Beh's labor and delivery.

15. At the time of admission to Elliot Hospital on December 19, 2015, Ms. Beh reported contractions since 3:00 a.m. and was noted to be Group B Strep positive. Her blood pressure was 115/68. A cervical exam showed her cervix to be 1 cm/100%/anterior. Contractions were reported to be moderate, occurring every two to three minutes.

16. At 10:05 a.m. Ms. Beh's membranes ruptured revealing the presence of meconium. An epidural anesthetic was administered shortly before noon.

17. Ms. Beh's labor did not progress adequately, and various medications were administered to augment her labor. Despite these medications, Ms. Beh experienced prolonged latent and active labor phases with minimal progress.

18. By 11:30 p.m., Ms. Beh's cervical exam was noted to be 7 cm/100%/0. By 3:50 a.m. on the morning of December 20, 2015, her cervical exam was noted to be 8 cm/100%/+1.

19. By 7:00 a.m. Ms. Beh had an axillary temperature of 100.9.

20. Ms. Beh began pushing at 10:57 a.m. and began exhibiting late and prolonged decelerations in the fetal heart rate with most pushes. Ms. Beh stopped pushing for approximately thirty minutes and then resumed again at 11:37 a.m. The fetal heart monitor again revealed fetal intolerance to labor.

21. By 12:45 p.m., Ms. Beh's blood pressure was noted to have risen, and there was minimal to absent variability in the fetal heart tracing. The concerning fetal heart tracing continued over the next several hours with late and variable decelerations.

22. At approximately 3:08 p.m., the fetal heart rate significantly worsened. At 3:35 p.m., Fletcher Wilson, D.O. documented being asked to help with performing a vacuum extraction. Three attempts were made, yet the baby was unable to be brought further down.

23. The fetal heart monitor was removed at approximately 3:44 p.m. and Ms. Beh was taken to the Operating Room to perform a Cesarean Section.

24. Before the operation started, Ms. Beh suffered a seizure during the administration of anesthesia. Ms. Beh was hypoxic for approximately thirty seconds. She was then given general anesthesia and a STAT Cesarean Section was performed.

25. ESJ was born at 4:10 p.m. with thick meconium. His Apgars were 1/5/7 and he had a cord pH of 7.08.

26. Ms. Beh suffered another seizure at approximately 6:00 p.m. and was diagnosed with atypical eclampsia.

27. While in the nursery, ESJ suffered seizures and a brain MRI was performed, which showed significant abnormalities. The MRI revealed a subgaleal hematoma with findings consistent with hypoxic ischemic encephalopathy. He has been diagnosed with cerebral palsy and suffers from significant developmental delays.

28. As a result of his brain injury, ESJ, will be permanently disabled from work and other normal activities, will require extensive medical and nursing care, will be unable to live independently, and will be deprived of the ability to enjoy a normal life.

## COUNT I
## (ESJ's Claim for Medical Negligence –
## Manchester Community Health Center/United States of America)

29. The plaintiffs incorporate by reference all allegations stated in paragraphs 1 through 28.

30. The defendant, United States of America, acting through its employees and agents, had a duty to possess the degree of knowledge or skill and exercise the degree of care ordinarily exercised by reasonable, skillful, careful and prudent healthcare practitioners engaged in similar medical practices under similar circumstances.

31. The defendant either lacked the requisite degree of knowledge or skill or failed to exercise that degree of care in the course of its treatment of Lucky Girl (Lisa) Beh and ESJ  The defendant's failures to comply with the applicable standards of care include, but are not limited to, the failure to appropriately evaluate, manage and treat Ms. Beh's labor; the failure to recognize and respond to her failure to make adequate progress in labor, the failure to recognize and respond to fetal heart rate abnormalities, the failure

5

to recognize and respond to rising blood pressure, the failure to perform a timely Cesarean Section; and the failure to otherwise appropriately manage Ms. Beh's care.

32. As a result of the defendant's negligence, ESJ, suffered a severe and permanent brain injury.

33. As a direct and proximate result of the defendant's failure to comply with the applicable standard of care, ESJ has experienced and will continue to experience physical pain and emotional distress, he has suffered and will continue to suffer a loss of enjoyment of life, he and his parents have incurred and will continue to incur otherwise unnecessary medical expenses, and he has suffered permanent damage to his brain resulting in severe developmental delays.

34. For these losses, the plaintiffs demand judgment against the defendant, United States of America, in the amount of Twenty-Five Million ($25,000,000.00) Dollars, plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT II
### (Lucky Girl (Lisa) Beh's Claim for Medical Negligence – Manchester Community Health Center/United States of America)

35. The plaintiffs incorporate by reference all allegations stated in paragraphs 1 through 34.

36. The defendant, United States of America, acting through its employees and agents at the Manchester Community Health Center, had a duty to possess the degree of knowledge or skill and exercise the degree of care ordinarily exercised by reasonable,

skillful, careful and prudent healthcare practitioners engaged in similar medical practices under similar circumstances.

37. The defendant either lacked the requisite degree of knowledge or skill or failed to exercise that degree of care in the course of its treatment of Lucky Girl (Lisa) Beh.  The defendant's failures to comply with the applicable standards of care include, but are not limited to, the failure to appropriately evaluate, manage and treat Ms. Beh's labor; the failure to recognize and respond to her failure to make adequate progress in labor, the failure to recognize and respond to fetal heart rate abnormalities, the failure to recognize and respond to rising blood pressure, the failure to perform a timely Cesarean Section; and the failure to otherwise appropriately manage Ms. Beh's care.

38. Had the defendant complied with the applicable standard of care, Ms. Beh probably would not have suffered eclamptic seizures.

39. As a direct and proximate result of the defendant's failure to comply with the applicable standard of care, Lucky Girl (Lisa) Beh has experienced and will continue to experience physical pain and emotional distress, she has suffered and will continue to suffer a loss of enjoyment of life, and she has incurred and will continue to incur otherwise unnecessary medical expenses.

40. For these losses, the plaintiffs demand judgment against the defendant, United States of America, in the amount of Twenty-Five Million ($25,000,000.00) Dollars, plus interest and costs and for such further relief as this Court deems just and proper.

**COUNT III**
**(ESJ's Claim for Medical Negligence – Mary Cullen, D.O.)**

41.	The plaintiffs incorporate by reference all allegations stated in paragraphs 1 through 40.

42.	The defendant, Mary Cullen, D.O., had a duty to possess the degree of knowledge or skill and exercise the degree of care ordinarily exercised by reasonable, skillful, careful and prudent healthcare practitioners engaged in similar medical practices under similar circumstances.

43.	Dr. Cullen either lacked the requisite degree of knowledge or skill or failed to exercise that degree of care in the course of her treatment of Lucky Girl (Lisa) Beh and ESJ  Dr. Cullen's failures to comply with the applicable standards of care include, but are not limited to, the failure to appropriately evaluate, manage and treat Ms. Beh's labor; the failure to recognize and respond to her failure to make adequate progress in labor, the failure to recognize and respond to fetal heart rate abnormalities, the failure to recognize and respond to rising blood pressure, the failure to perform a timely Cesarean Section; and the failure to otherwise appropriately manage Ms. Beh's care.

44.	Had Dr. Cullen complied with the applicable standard of care, Ms. Beh probably would not have had eclamptic seizures, and ESJ would probably have been born without injury.

45.	As a direct and proximate result of the defendant's failure to comply with the applicable standard of care, ESJ has experienced and will continue to experience physical pain and emotional distress, he has suffered and will continue to suffer a loss of enjoyment of life, he and his parents have incurred and will continue to incur otherwise unnecessary medical expenses, and he has suffered permanent damage to his brain resulting in severe developmental delays.

46.     For these losses, the plaintiffs demand judgment against the defendant, Mary Cullen, D.O., in the amount of Twenty-Five Million ($25,000,000.00) Dollars plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT IV
### (Lucky Girl (Lisa) Beh's Claim for Medical Negligence – Mary Cullen, D.O.)

47.     The plaintiffs incorporate by reference all allegations stated in paragraphs 1 through 46.

48.     The defendant, Mary Cullen, D.O. had a duty to possess the degree of knowledge or skill and exercise the degree of care ordinarily exercised by reasonable, skillful, careful and prudent healthcare practitioners engaged in similar medical practices under similar circumstances.

49.     Dr. Cullen either lacked the requisite degree of knowledge or skill or failed to exercise that degree of care in the course of her treatment of Lucky Girl (Lisa) Beh and ESJ  Dr. Cullen's failures to comply with the applicable standards of care include, but are not limited to, the failure to appropriately evaluate, manage and treat Ms. Beh's labor; the failure to recognize and respond to her failure to make adequate progress in labor, the failure to recognize and respond to fetal heart rate abnormalities, the failure to recognize and respond to rising blood pressure, the failure to perform a timely Cesarean Section; and the failure to otherwise appropriately manage Ms. Beh's care.

50.     Had Dr. Cullen complied with the applicable standard of care, Ms. Beh probably would not have suffered eclamptic seizures.

51.     As a direct and proximate result of Dr. Cullen's failure to comply with the applicable standard of care, Lucky Girl (Lisa) Beh has experienced and will continue to

experience physical pain and emotional distress, she has suffered and will continue to suffer a loss of enjoyment of life, and she has incurred and will continue to incur otherwise unnecessary medical expenses.

52. For these losses, the plaintiffs demand judgment against the defendant, Mary Cullen, D.O. in the amount of Twenty-Five Million ($25,000,000.00) Dollars plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT V
### (ESJ's Claim for Medical Negligence – Elliot Hospital)

53. The plaintiffs incorporate by reference all allegations stated in paragraphs 1 through 52.

54. The defendant, Elliot Hospital, acting through its employees and agents, had a duty to possess the degree of knowledge or skill and exercise the degree of care ordinarily exercised by reasonable, skillful, careful and prudent healthcare practitioners engaged in similar medical practices under similar circumstances.

55. The defendant either lacked the requisite degree of knowledge or skill or failed to exercise that degree of care in the course of its treatment of Lucky Girl (Lisa) Beh and ESJ  The defendant's failures to comply with the applicable standards of care include, but are not limited to, the failure to appropriately evaluate, manage and treat Ms. Beh's labor; the failure to recognize and respond to her failure to make adequate progress in labor, the failure to recognize and respond to fetal heart rate abnormalities, the failure to recognize and respond to rising blood pressure, the failure to perform a timely Cesarean Section; and the failure to otherwise appropriately manage Ms. Beh's care.

10

56.	Had the defendant complied with the applicable standard of care, Ms. Beh probably would not have suffered eclamptic seizures, and ESJ would probably have been born without injury.

57.	As a direct and proximate result of the defendant's failure to comply with the applicable standard of care, ESJ has experienced and will continue to experience physical pain and emotional distress, he has suffered and will continue to suffer a loss of enjoyment of life, he and his parents have incurred and will continue to incur otherwise unnecessary medical expenses, and he has suffered permanent damage to his brain resulting in severe developmental delays.

58.	For these losses, the plaintiffs demand judgment against the defendant, Elliot Hospital, in the amount of Twenty-Five Million ($25,000,000.00) Dollars plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT VI
### (Lucky Girl (Lisa) Beh's Claim for Medical Negligence – Elliot Hospital)

59.	The plaintiffs incorporate by reference all allegations stated in paragraphs 1 through 58.

60.	The defendant, Elliot Hospital, acting through its employees and agents, had a duty to possess the degree of knowledge or skill and exercise the degree of care ordinarily exercised by reasonable, skillful, careful and prudent healthcare practitioners engaged in similar medical practices under similar circumstances.

61.	The defendant either lacked the requisite degree of knowledge or skill or failed to exercise that degree of care in the course of its treatment of Lucky Girl (Lisa) Beh. The defendant's failures to comply with the applicable standards of care include, but are not limited to, the failure to appropriately evaluate, manage and treat Ms. Beh's

labor; the failure to perform a timely Cesarean Section; and the failure to otherwise appropriately manage Ms. Beh's care.

62. Had the defendant complied with the applicable standard of care, Ms. Beh probably would not have suffered eclamptic seizures.

63. As a direct and proximate result of the defendant's failure to comply with the applicable standard of care, Lucky Girl (Lisa) Beh has experienced and will continue to experience physical pain and emotional distress, she has suffered and will continue to suffer a loss of enjoyment of life, and she has incurred and will continue to incur otherwise unnecessary medical expenses.

64. For these losses, the plaintiffs demand judgment against the defendant, Elliot Hospital, in the amount of Twenty-Five Million ($25,000,000.00) Dollars plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT VII
**(Lucky Girl (Lisa) Beh and Elliott Sackor, Sr.'s Claim for Medical Expenses**

**Manchester Community Health Center/United States of America**

65. The plaintiffs incorporate by reference all allegations stated in paragraphs 1 through 64.

66. Lucky Girl (Lisa) Beh and Elliott Sackor, Sr. are the parents of the minor plaintiff, ESJ and the persons responsible for his support and care.

67. As a direct and proximate result of the defendant, United States of America's failure to comply with the applicable standard of care, Lucky Girl (Lisa) Beh and Elliott Sackor, Sr. have incurred and will continue to incur substantial expenses for the medical and nursing care of ESJ, including but not limited to medical and hospital bills, therapy and rehabilitation, medical supplies, medications and nursing care.

68. For these losses, the plaintiffs demand judgment against the defendant, Elliot Hospital, in the amount of Twenty-Five Million ($25,000,000.00) Dollars plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT VIII
**(Lucky Girl (Lisa) Beh and Elliott Sackor, Sr.'s Claim for Medical Expenses –**

**Mary Cullen D.O.**

69. The plaintiffs incorporate by reference all allegations stated in paragraphs 1 through 68.

70. Lucky Girl (Lisa) Beh and Elliott Sackor, Sr. are the parents of the minor plaintiff, ESJ, and the persons responsible for his support and care.

71. As a direct and proximate result of the defendant, Mary Cullen D.O.'s failure to comply with the applicable standard of care, Lucky Girl (Lisa) Beh and Elliott Sackor, Sr. have incurred and will continue to incur substantial expenses for the medical and nursing care of ESJ, including but not limited to medical and hospital bills, therapy and rehabilitation, medical supplies, medications and nursing care.

72. For these losses, the plaintiffs demand judgment against the defendant, Elliot Hospital, in the amount of Twenty-Five Million ($25,000,000.00) Dollars plus interest and costs and for such further relief as this Court deems just and proper.

## COUNT IX
**(Lucky Girl (Lisa) Beh and Elliott Sackor, Sr.'s Claim for Medical Expenses –**

**Elliot Hospital**

73. The plaintiffs incorporate by reference all allegations stated in paragraphs 1 through 72.

74. Lucky Girl (Lisa) Beh and Elliott Sackor, Sr. are the parents of the minor plaintiff, ESJ, and the persons responsible for his support and care.

75. As a direct and proximate result of the defendant, Elliot Hospital's failure to comply with the applicable standard of care, Lucky Girl (Lisa) Beh and Elliott Sackor, Sr. have incurred and will continue to incur substantial expenses for the medical and nursing care of ESJ, including but not limited to medical and hospital bills, therapy and rehabilitation, medical supplies, medications and nursing care.

76. For these losses, the plaintiffs demand judgment against the defendant, Elliot Hospital, in the amount of Twenty-Five Million ($25,000,000.00) Dollars plus interest and costs and for such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL AS TO NON-FTCA CLAIMS

77. The plaintiffs respectfully demand a jury trial as to their claims against Mary Cullen, D.O. and Elliot Hospital.

Respectfully submitted,

The plaintiffs,
ESJ, ppa Lucky Girl
(Lisa) Beh and Elliott Sackor, Sr.

By their Attorneys,
CROWE & MULVEY, LLP

DATED:  October 17, 2018        By:     /s/ Elizabeth N. Mulvey
                                        Elizabeth N. Mulvey, Esq.
                                        (NH Bar # 1834)
                                        77 Franklin Street
                                        3rd Floor
                                        Boston, MA 02110
                                        emulvey@croweandmulvey.com

DATED:  October 17, 2018        By:     /s/ David W. Suchecki
                                        David W. Suchecki, Esq.
                                        (NH Bar # 14252)
                                        77 Franklin Street
                                        3rd Floor
                                        Boston, MA 02110
                                        dsuchecki@croweandmulvey.com